[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on September 19, 1975 at Meriden, Connecticut. There are three minor children issue of this marriage to wit: Todd E. Thompson born May 24, 1976; Toby E. Thompson born May 27, 1978 and Tabitha E. Thompson born December 9, 1979.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
Immediately prior to the commencement of the testimony in this matter the parties announced that they had resolved the issues of custody, visitation, health insurance and life insurance. The attorney for the minor children placed the agreement on the record, the court approved the agreement and it was and hereby is made the order of this court.
In addition, the court has taken into consideration all of the factors contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes and further orders as follows:
1. The funds from the sale of the former family home which CT Page 2768 are being held in escrow (amounting to $48,808.53 as of January 31, 1991 and which have earned additional interest since that date) shall be divided equally between the plaintiff wife and the defendant husband subject to the following additional conditions:
(a) The defendant husband shall upon distribution pay to the plaintiff wife from his share of said fund the following amounts:
 (1) The sum of $1300.00 being the balance due on the now closed joint Visa account and upon payment of said sum the plaintiff wife shall be solely liable for all sums due on said account and shall indemnify and hold the defendant husband harmless therefrom. (2) The sum of $125.00 to reimburse the plaintiff wife for one-half of the sum she expended for eye care for the minor child, Todd. (3) The sum of $150.00 to reimburse the plaintiff wife for one-half of the sum she paid to Dr. Clarke. (4) The sum of $222.50 to reimburse the plaintiff wife for one-half of the sums paid by the plaintiff wife for maintenance and repairs to the former family home prior to sale. (5) The sum of $250.00 to reimburse the plaintiff wife for one-half of the sum she paid for back taxes. (6) The sum of $565.00 to reimburse the plaintiff wife for one-half of the moneys she has paid to date to Dr. Ecterkyn, the orthodontist for the minor child, Toby. (7) The sum of $210.00 representing the arrearage due on the pendente lite order.
(2) The defendant husband shall pay to the plaintiff wife the sum of $48.00 per week for the support of each of the minor children, until such child reaches the age of majority or is sooner emancipated. Said sum shall be payable by way of an immediate wage withholding. This order is based on the actual net earnings of the defendant husband for the past 13 weeks as shown in plaintiff's exhibit B. It is, however, somewhat below the Child Support Guidelines as the defendant husband will have to incur significant visitation expense to see his children who will be living in California.
3. Neither party shall pay alimony to the other. CT Page 2769
4. The Inland Steel Co. stocks shall be the sole and exclusive property of the defendant husband.
5. The Time Share Condo in Lee, Mass. shall be the sole and exclusive property of the defendant husband and he shall be solely responsible for and indemnify and hold the plaintiff wife harmless from all encumberances due thereon. The plaintiff wife shall forthwith execute any and all documents necessary to effect this order.
6. Except as expressly provided herein, each party shall be responsible for and shall indemnify and hold the other party harmless from all of the liabilities shown on their financial affidavits filed with this court on February 28, 1991.
Except as expressly provided herein, all of the property shown on the financial affidavits of the parties filed with this court on February 28, 1991 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
8. Each party shall be responsible for his or her attorney's fees and costs incurred in this action.
FREDERICK A. FREEDMAN, JUDGE